# In the United States Court of Federal Claims

No. 13-396 L

(Filed: November 16, 2021)

```
* * * * * * * * * * * * * * * * *
                                  *
                                  *
WILLIAM E. BARLOW, et al.,        *
                                  *
                  Plaintiffs,     *
                                  *
       v.                         *
                                  *
THE UNITED STATES,                *
                                  *
                  Defendant.      *
                                  *
* * * * * * * * * * * * * * * * *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge

Before the Court in this rails-to-trails case is the parties' proffered settlement agreement pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs in this class action are Illinois landowners who allege that the United States, as the result of a Notice of Interim Trail Use issued by the Surface Transportation Board on November 13, 2008, effected a taking without just compensation of their reversionary interest in certain real property underlying a railroad line owned by the Union Pacific Railroad Company.

Following class certification and the Court's September 1, 2015, Memorandum Opinion and Order granting-in-part and denying-in-part the parties' cross-motions for partial summary judgment, ECF No. 47, Plaintiffs moved to form several subclasses and for entry of final judgment with respect to certain plaintiffs. On February 4, 2016, the Court granted-in-part Plaintiffs' motion for certification of subclasses and for entry of judgment pursuant to RCFC 23(c)(5) and RCFC 54 and created a subclass comprised of 12 Plaintiffs associated with 14 parcels of property who engaged in settlement discussions ("Subclass A") and a subclass comprised of the remaining Plaintiffs in this class action ("Subclass B"). ECF No. 63.

After notice to Subclass A members and a fairness hearing, on October 10, 2019, the Court approved a settlement for Subclass A members negotiated by the parties. *See* ECF No. 119. As to Subclass B members, on November 13, 2020, the Court issued an opinion on the parties' cross-motions for summary judgment. ECF No. 141. In that opinion, the Court granted Plaintiffs' motion for summary judgment as to liability with respect to parcel Nos. 28 and 61. *Id.* Additionally, the Court determined that neither party carried their burden with regard to parcel

Nos. 84 and 85.  ECF Nos. 141, 147.  The Court granted summary judgment on liability in favor of the government on the remaining parcels owned by members of Subclass B.

The parties, on July 9, 2021, jointly filed a motion for approval of notice to the settling Subclass B members regarding a proposed settlement and requested that the Court set a date for a public fairness hearing under RCFC 23(e).  ECF No. 153.  On August 3, 2021, the Court preliminarily approved the parties' proposed settlement and scheduled a fairness hearing for October 20, 2021.  ECF No. 155.  At the fairness hearing, the parties discussed their negotiated settlement and the Court assessed whether to grant final approval of the proposed settlement agreement.  For the reasons discussed below, the Court approves the settlement agreement negotiated by the parties.

## BACKGROUND

In this rails-to-trails case, Plaintiffs allege that the government has taken their real property situated along an abandoned railroad line located in Fulton and Peoria Counties, Illinois.  ECF No. 65 (3rd Am. Compl.) at ¶¶ 2-5.  Plaintiffs commenced this action on June 13, 2013.  On October 3, 2014, the Court issued an order certifying this matter as a class action pursuant to RCFC 23.  ECF No. 24.  The certified class in this case includes all persons owning an interest in lands located along the railroad line between milepost 461.5 in Fulton County, Illinois, and milepost 486.2 in Peoria County, Illinois.  *Id*.

On September 1, 2015, the Court issued a Memorandum Opinion and Order, which granted-in-part and denied-in-part the parties' cross-motions for partial summary judgment on the issue of whether Plaintiffs held a fee simple interest in the right of way at issue on the date of the alleged taking.  ECF No. 47.  In that opinion, the Court held that:

> 1. Plaintiffs did not hold a fee simple interest with respect to certain parcels that were: (a) conveyed by "right-of-way" agreements (parcels 23, 37, 51, 55, 57, 58, 59, 74, 80, 83, 91, 98 and 102); (b) conveyed by "for railroad purposes" agreements (parcels 44 and 47); and (c) without a conveying instrument (parcels 33, 87 and 90); and
>
> 2. Certain Plaintiffs held a fee simple interest with respect to two parcels that the government acknowledges were held by Plaintiffs in fee simple at the time of the alleged takings (parcel 29 and the Illinois Route 116 parcel).

*Id*. at 21-22.  In addition, the Court denied the parties' cross-motions for partial summary judgment with respect to a certain parcel that was acquired by condemnation (parcel 26).  *Id*. at 22.  The Court also held in abeyance the parties' cross-motions for partial summary judgment on the issue of whether a permanent or temporary taking has occurred with respect to the two parcels found to be held by Plaintiffs in fee simple.  *Id*.

Plaintiffs moved to form several subclasses and for entry of final judgment with respect to certain plaintiffs on January 20, 2016.  ECF No. 61.  On February 4, 2016, the Court granted-in-part Plaintiffs' motion and created a subclass comprised of 12 Plaintiffs associated with 14 parcels of property who engaged in settlement discussions (Subclass A) and a subclass

comprised of the remaining Plaintiffs in this action (Subclass B).  ECF No. 63.  After notice and a fairness hearing, the Court approved settlement of the claims of the members of Subclass A.  ECF Nos. 115, 119.

As to the claims of the members of Subclass B, in an opinion dated November 13, 2020, the Court addressed the parties' cross-motions for summary judgment.  In that opinion the Court:

1. Granted Plaintiffs' motion for partial summary judgment on liability with respect to Parcel Nos. 28 and 61;

2. Granted the government's cross-motion for summary judgment with respect to Parcel Nos. 21, 52, 75, 86, 92, 93, 94, 95 and 96 and denied Plaintiffs' motion for partial summary judgment on liability with respect to such parcels;

3. Granted the government's cross-motion for summary judgment with respect to Parcel No. 50 and denied Plaintiffs' motion for partial summary judgment on liability with respect to such parcel; and

4. Denied both parties' motions for partial summary judgment on liability with respect to Parcel Nos. 84 and 85.

ECF Nos. 141, 147.  The settlement agreement approved by this opinion and order settles the claims related to Parcels Nos. 28, 84, and 85.  The claim related to Parcel No. 61 is not subject to this settlement agreement and will be preserved for resolution after appeal of the remaining Subclass B claims.

## DISCUSSION

### A. Legal Standards

The approval of settlement agreements in certified class actions is governed by RCFC 23(e).  RCFC 23(e) provides that, "[t]he claims . . . of a certified class may be settled . . . only with the court's approval," and it also prescribes the requirements that must be satisfied for approval.  Specifically, RCFC 23(e) provides that:

(1) The court must direct notice in a reasonable manner to all class members who would be bound by the proposal.

(2) If the proposal would bind class members, the court may approve it only after a hearing and on finding that it is fair, reasonable, and adequate.

(3) The parties seeking approval must file a statement identifying any agreement made in connection with the proposal.

(4) [Not used.]

  (5) Any class member may object to the proposal if it requires court approval under this subdivision (e); the objection may be withdrawn only with the court's approval.

RCFC 23(e)(1)-(5).

**B. Analysis**

In light of the aforementioned legal standards, the factual record, and counsels' representations during the fairness hearing held on October 20, 2021, the Court concludes that the proposed settlement is fair, reasonable, and adequate.

  **1. Fair Notice Was Provided to the Settling Members of Subclass B**

As an initial matter, the Court finds that fair notice of the terms of the settlement agreement was provided to all settling members of Subclass B. RCFC 23(e)(1)(B) provides that the Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." RCFC 23(e)(1)(B). In accordance with RCFC 23(e)(1)(B), the Court directed that notice regarding the terms of the proposed settlement be sent to settling Subclass B members on August 9, 2021. ECF No. 155. The notice informed settling Subclass B members of their right to object to the proposed settlement under RCFC 23(e)(5) and that a fairness hearing was scheduled for October 20, 2021, to determine if the settlement agreement should be approved. ECF Nos. 154, 156. During the fairness hearing, counsel for Plaintiffs represented that he had no reason to believe that any settling member of Subclass B was unaware of the settlement or not fully informed of the terms of the proposed settlement agreement. *See generally* Fairness Hearing Tr.

After notice of the proposed settlement was sent to all of the settling members of Subclass B, counsel for Plaintiffs represented to the Court that no settling member expressed an interest in attending the fairness hearing in person. Fairness Hearing Tr.; *see also* ECF No. 157 ("The parties report that none of the class members have stated they wish to appear at the fairness hearing."). Counsel for Plaintiffs also represented that the settling members of Subclass B acknowledged receipt of the notice and affirmed approval of the settlement. Fairness Hearing Tr. Therefore, based upon the factual record and the representations of counsel at the fairness hearing, the Court concludes that fair notice has been provided to the settling members of Subclass B regarding the terms of the proposed settlement.

  **2. The Settlement Agreement Is Procedurally Fair**

The Court similarly finds that the settlement agreement reached in this case is procedurally fair. Procedural fairness requires that the settlement "resulted from 'arms-length negotiations and . . . [that] plaintiffs' counsel . . . possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interest.'" *Courval v. United States*, 140 Fed. Cl. 133, 139 (2018) (quoting *Christensen v. United States*, 65 Fed. Cl. 625, 629 (2005)). In their joint motion for approval of notice to settling Subclass B members, counsel for the parties represent that settlement negotiations were supported by reports from an independent real estate appraiser that "helped to ensure the overall fairness of the settlement

process." ECF No. 153 at 10. Counsel for both parties also represent that they engaged in arms-length negotiations over a long period of time and in a manner that gave no special preference to any one class member. *Id.* at 9-10. During the settlement process, the parties filed joint status reports apprising the Court of the parties' progress toward settlement. *See, e.g.*, ECF Nos. 143, 149, 150. Given this, the Court is satisfied that the ensuing settlement negotiation was conducted in good faith, without collusion, and with an interest in ultimately resolving these claims by settlement.

The factual record before the Court also shows that class counsel acted as a zealous advocate for the class members throughout the course of this litigation. The notice of proposed settlement sent to the settling Subclass B members provided a detailed explanation of how each class member's individual settlement was calculated, the appraisal process, and the right to object to the settlement. ECF No. 154. In addition, class counsel represented during the fairness hearing that he had expressed a willingness to provide to any settling Subclass B member a copy of the representative appraisal that applies to his or her claim upon request. *See generally* Fairness Hearing Tr.; *see also* ECF No. 153 at 5-7.

Thus, based upon the factual evidence presented by the parties, the Court is satisfied that the negotiations that produced the settlement agreement "resulted from 'arms-length negotiations and . . . [that] plaintiffs' counsel . . . possessed the experience and ability, and have engaged in the discovery, necessary to effective representation of the class's interest.'" *Courval*, 140 Fed. Cl. at 139 (internal citations omitted).

### 3. The Settlement Agreement is Substantively Fair

The Court also concludes that the terms of the settlement agreement are substantively fair. Substantive fairness requires the Court to consider the balance of the likely costs and rewards of further litigation. *Courval*, 140 Fed. Cl. at 140. In their joint motion for approval of notice to settling Subclass B members, counsel for the parties represent to the Court that the joint appraiser conducted an independent appraisal of the representative properties that was sufficient to support settlement negotiations. ECF No. 153 at 5. Class counsel represents that, prior to the appraisal, counsel identified unique parcels and the legal or factual issues that should be addressed in the appraisal process. *Id.* at 6. Counsel for the parties also represent that the appraiser and the parties agreed to group similarly situated properties and that the appraiser selected a representative sample from each category to appraise. *Id.* Counsel for the parties further represent that, after the appraisal of the representative properties, they reviewed and analyzed the appraiser's valuation conclusions and that the parties had the opportunity to submit questions or comments through counsel before approval of the final appraisal report. *Id.*

Counsel for both parties also represent to the Court that they believe the proposed settlement is fair, reasonable, and adequate. *See generally* Fairness Hearing Tr. Accordingly, the Court concludes that the terms of the settlement agreement are substantively fair.

## CONCLUSION

For the foregoing reasons, the Court **APPROVES** the settlement agreement. There being no just reason for delay, the Court directs the Clerk to enter judgment on just compensation, pursuant to RCFC 54(b), in the total amount of $27,494.10. This amount consists of $16,576.00 in principal and $10,918.10 in interest through February 12, 2021, for settling Subclass B members. Settling Subclass B members' claims for attorneys' fees and costs, pursuant to the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), are preserved. The judgment is payable to class counsel for distribution to the class according to the terms of this Memorandum Opinion and Order and the parties' settlement agreement.

Moreover, either Plaintiffs or the parties jointly **SHALL** move for judgment on the claims of the remaining members of Subclass B on or before December 17, 2021. Such motion shall include a proposed order for entry of judgment that, *inter alia*, appropriately preserves the claims related to parcel No. 61 and for attorneys' fees and costs under the URA.

**IT IS SO ORDERED**.

s/ Zachary N. Somers
ZACHARY N. SOMERS
Judge