# In the United States Court of Federal Claims

No. 13-396 L

(Filed: January 21, 2026)

```
* * * * * * * * * * * * * * * * *  *
                                    *
WILLIAM E. BARLOW, et al.,          *
                                    *
                Plaintiffs,         *
                                    *
        v.                          *
                                    *
THE UNITED STATES,                  *
                                    *
                Defendant.          *
                                    *
* * * * * * * * * * * * * * * * *  *
```

## MEMORANDUM OPINION AND ORDER

**SOMERS**, Judge.

     Before the Court in this rails-to-trails case is the parties' joint motion to approve their settlement agreement pursuant to Rule 23 of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiffs in this class action are Illinois landowners alleging that the United States effected a taking without just compensation of their reversionary interest in certain real property underlying a railroad line owned by the Union Pacific Railroad Company. This taking was effected pursuant to a Notice of Interim Trail Use issued by the Surface Transportation Board on November 13, 2008. On September 29, 2025, the parties filed a joint motion requesting approval of notice regarding a proposed settlement of the claims of those class members who have not previously settled their claims and that the Court set a date for a fairness hearing. ECF No. 198. On November 14, 2025, the Court preliminarily approved the parties' proposed settlement, and notice thereof, and scheduled a fairness hearing for January 14, 2026. ECF No. 201. At the fairness hearing, the parties discussed their negotiated settlement agreement, and the Court assessed whether to approve it. For the reasons discussed below, the Court grants final approval of the settlement agreement negotiated by the parties.

## BACKGROUND

     In this rails-to-trails case, Plaintiffs allege that the government failed to provide them with just compensation for the taking of their real property situated along an abandoned railroad line located in Fulton and Peoria Counties, Illinois. ECF No. 65 (3rd Am. Compl.) at ¶¶ 2–5. Plaintiffs commenced this action on June 13, 2013. *See* ECF No. 1. On October 3, 2014, Judge Lawrence Block issued an order certifying this matter as a class action pursuant to RCFC 23. ECF No. 24. The certified class in this case includes all persons owning an interest in lands

located along the railroad line between milepost 461.5 in Fulton County, Illinois, and milepost 486.2 in Peoria County, Illinois. *Id* at 1.

On September 1, 2015, Judge Griggsby issued a Memorandum Opinion and Order granting-in-part and denying-in-part the parties' cross-motions for partial summary judgment on the issue of whether Plaintiffs held a fee simple interest in the land underlying the right-of-way at issue on the date of the alleged taking. ECF No. 47. In that opinion, Judge Griggsby held that:

1. Plaintiffs did not hold a fee simple interest with respect to certain parcels that were: (a) conveyed by "right-of-way" agreements, *see id.* at 3 (specifying parcels 23, 37, 51, 55, 57, 58, 59, 74, 80, 83, 91, 98 and 102); (b) conveyed by "for railroad purposes" agreements, *see id.* at 4 (specifying parcels 44 and 47); and (c) without a conveying instrument, *see id.* at 5 (specifying parcels 33, 87 and 90); and

2. Certain Plaintiffs held a fee simple interest with respect to two parcels at the time of the alleged takings, *see id.* at 5 (stating that the government acknowledged Plaintiffs' property rights in parcel 29 and the Illinois Route 116 parcel).

*Id.* at 21–22. In addition, Judge Griggsby denied the parties' cross-motions for partial summary judgment with respect to a certain parcel that was acquired by condemnation (parcel 26). *Id.* at 22. Judge Griggsby also held in abeyance the parties' cross-motions for partial summary judgment on the issue of whether a permanent or temporary taking had occurred with respect to the two parcels found to be held by Plaintiffs in fee simple. *Id.*

Plaintiffs then moved to form several subclasses and for entry of final judgment with respect to certain plaintiffs on January 20, 2016. *See generally* ECF No. 61. On February 4, 2016, Judge Griggsby granted-in-part Plaintiffs' motion and created a subclass comprised of 14 Plaintiffs associated with 16 parcels of property who engaged in settlement discussions (Subclass A) and a subclass comprised of the remaining 122 Plaintiffs (Subclass B). ECF No. 63 at 4. After notice and a fairness hearing, Judge Griggsby approved settlement of the claims of the members of Subclass A. ECF Nos. 118, 119.

As to the claims of the members of Subclass B, in an opinion dated November 13, 2020, Judge Griggsby addressed the parties' cross-motions for summary judgment. ECF No. 141. That opinion:

1. Granted Plaintiffs' motion for partial summary judgment on liability with respect to Parcel Nos. 28 and 61;

2. Granted the government's cross-motion for summary judgment with respect to Parcel Nos. 21, 52, 75, 86, 92, 93, 94, 95 and 96 and denied Plaintiffs' motion for partial summary judgment on liability with respect to these parcels;

3. Granted the government's cross-motion for summary judgment with respect to Parcel No. 50 and denied Plaintiffs' motion for partial summary judgment on liability with respect to this parcel; and

4. Denied plaintiffs' motion for partial summary judgment on liability with respect to Parcel Nos. 84 and 85.

*Id.* at 19–20 (citation modified). After Judge Griggsby's opinion, the undersigned was assigned the case and approved the settlement agreement for the claims related to Parcels Nos. 28, 84, and 85. ECF No. 158 at 3, 6. On January 14, 2022, Plaintiffs filed a Notice of Appeal concerning Judge Griggsby's opinions granting the government's motions for summary judgment. *See* ECF No. 164. On November 22, 2023, the Federal Circuit reversed Judge Griggsby and remanded the case for further proceedings. *See* ECF No. 166. Subsequently, the parties engaged in a claims book process and settlement discussions regarding the remaining claims, *see* ECF Nos. 171–183, and entered into the settlement agreement before the Court today, *see* ECF No. 198.

## DISCUSSION

**A.     Legal Standard**

The approval of settlement agreements in certified class actions is governed by RCFC 23(e). RCFC 23(e) provides that, "[t]he claims . . . of a certified class . . . may be settled . . . only with the court's approval," and it also prescribes the requirements that must be satisfied for approval. Specifically, RCFC 23(e)(2) provides that:

> If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate after considering whether:
>
> (A)   the class representatives and class counsel have adequately represented the class;
> (B)   the proposal was negotiated at arm's length;
> (C)   the relief provided for the class is adequate, taking into account:
>     (i)    the costs, risks, and delay of trial and appeal;
>     (ii)   the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
>     (iii)  the terms of any proposed award of attorney's fees, including timing of payment; and
>     (iv)   any agreement required to be identified under RCFC 23(e)(3); and
> (D)   the proposal treats class members equitably relative to each other.

RCFC 23(e)(2)(A)–(D).

B.     **Analysis**

In light of the aforementioned legal standards, the factual record, and counsels' representations during the fairness hearing held on January 14, 2026, the Court concludes that the proposed settlement is fair, reasonable, and adequate.

1.     **Fair Notice Was Provided to the Settling Members of Subclass B.**

As an initial matter, the Court finds that fair notice of the terms of the settlement agreement was provided to all settling members of Subclass B. RCFC 23(e)(1)(B) provides that the Court must "direct notice in a reasonable manner to all class members who would be bound by the proposal." In accordance with this rule, the Court directed that notice regarding the terms of the proposed settlement be sent to settling Subclass B members on or before November 26, 2025. ECF No. 201. The notice informed settling Subclass B members of their right to object to the proposed settlement under RCFC 23(e)(5) and that a fairness hearing was scheduled for January 14, 2026, to determine whether the settlement agreement should be approved. ECF No. 198-1 at 2; ECF No. 201 at 2. During the fairness hearing, counsel for Plaintiffs represented that he had no reason to believe that any settling member of Subclass B was unaware of the settlement or not fully informed of the terms of the proposed settlement agreement. *See generally* Fairness Hr'g Tr.

After notice of the proposed settlement was sent to all of the settling members of Subclass B, class counsel represented to the Court that no settling member expressed an interest in attending the fairness hearing. Fairness Hr'g Tr.; *see also* ECF No. 203 at 1; ECF No. 204 at 1 (both stating "there were no indications on the Consent Forms that any of the Plaintiffs wished to appear at the hearing . . . ."). Class counsel also represented that 58 settling members of Subclass B explicitly approved the settlement. ECF No. 204 at 1. Therefore, based upon the factual record and the representations of counsel at the fairness hearing, the Court concludes that fair notice has been provided to the settling members of Subclass B regarding the terms of the proposed settlement.

2.     **The Settlement Agreement Is Procedurally Fair.**

The Court similarly finds that the settlement agreement reached in this case is procedurally fair. Procedural fairness requires that the settlement "resulted from 'arms-length negotiations and . . . [that] plaintiffs' counsel . . . possessed the experience and ability, and [] engaged in the discovery, necessary to effective representation of the class's interest.'" *Courval v. United States*, 140 Fed. Cl. 133, 139 (2018) (quoting *Christensen v. United States*, 65 Fed. Cl. 625, 629 (2005)). In their joint motion for approval of notice to settling Subclass B members, counsel for the parties represent that settlement negotiations were supported by "an extensive appraisal process [which] helped to ensure the overall fairness of the settlement process." ECF No. 198 at 13. Counsel for both parties also represent that they engaged in arms-length negotiations over a long period of time and "in a manner that gave no special preference to any one" class member. *Id.* During the settlement process, the parties filed joint status reports apprising the Court of the parties' progress toward settlement. *See, e.g.*, ECF Nos. 190, 192, 194, 196. Given this, the Court is satisfied that the settlement negotiations were conducted in

good faith, without collusion, and with an interest in ultimately resolving these claims by settlement.

The factual record before the Court also shows that class counsel acted as a zealous advocate for the class members throughout the course of this litigation. The notice of proposed settlement sent to the settling Subclass B members provided a detailed explanation of how each class member's individual settlement was calculated, the appraisal process, and the right to object to the settlement. *See* ECF No. 198-1. In addition, class counsel expressed a willingness to provide to any settling Subclass B member a copy of the representative appraisal that applies to his or her claim upon request. *See* ECF No. 198 at 10.

Thus, based upon the factual evidence presented by the parties, the Court is satisfied that the negotiations that produced the settlement agreement "resulted from 'arms-length negotiations and . . . [that] plaintiffs' counsel . . . possessed the experience and ability, and [] engaged in the discovery, necessary to effective representation of the class's interest.'" *Courval*, 140 Fed. Cl. at 139 (quoting *Christensen*, 65 Fed. Cl. at 629).

### 3.     The Settlement Agreement is Substantively Fair.

The Court also concludes that the terms of the settlement agreement are substantively fair. Substantive fairness requires the Court to "consider the balance of the likely costs and rewards of further litigation." *Courval*, 140 Fed. Cl. at 140. In their joint motion for approval of notice to settling Subclass B members, counsel for the parties represent to the Court that the prior joint appraisal of the representative properties, conducted by an independent appraiser, was sufficient to support settlement. ECF No. 198 at 8–10. Class counsel represents that, in the appraisal process, counsel identified unique parcels and the legal or factual issues that should be addressed. *Id.* at 9. Counsel for the parties also represent that the appraiser and the parties agreed to group similarly situated properties together and that the appraiser selected a representative sample from each category to appraise. *Id.* Counsel for the parties further represent that, after the appraisal of the representative properties, they reviewed and analyzed the appraiser's valuation conclusions and gave the parties the opportunity to submit questions or comments through counsel before approval of the final appraisal report. *Id.* at 9–10.

Counsel for both parties also represent to the Court that they believe the proposed settlement is fair, reasonable, and adequate. *See generally* Fairness Hr'g Tr. Accordingly, the Court concludes that the terms of the settlement agreement are substantively fair.

### CONCLUSION

For the foregoing reasons, the Court **APPROVES** the settlement agreement. Unless the parties have already stipulated to dismissal, **on or before March 2, 2026**, the parties **SHALL** file a joint status report updating the Court on the status of execution of the settlement.

**IT IS SO ORDERED**.

                              <u>s/ Zachary N. Somers</u>
                              ZACHARY N. SOMERS
                              Judge